Matter of OSI, LLC v New York State Div. of Hous. & Community Renewal (2023 NY Slip Op 01962)

Matter of OSI, LLC v New York State Div. of Hous. & Community Renewal

2023 NY Slip Op 01962

Decided on April 18, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 18, 2023

Before: Webber, J.P., Friedman, Singh, Scarpulla, Rodriguez, JJ. 

Index No. 160697/21 Appeal No. 45 Case No. 2022-05368 

[*1]In the Matter of OSI, LLC, et al., Petitioners-Appellants,
v
New York State Division of Housing and Community Renewal, Respondent-Respondent.

Kucker Marino Winiarsky & Bittens, LLP, New York (Patrick K. Munson of counsel), for appellants.
Mark F. Palomino, New York State Division of Housing and Community Renewal, New York (Robert Ambaras of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (Lynn R. Kotler, J.), entered August 19, 2022, denying the petition to annul the determinations of respondent New York State Division of Housing and Community Renewal (DHCR), dated October 1, 2021, which denied petitioners' petitions for administrative review challenging the denials of their applications to amend rent registrations for two apartments, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
DHCR's determinations denying petitioners' requests to amend the rent registrations of two apartments were not arbitrary and capricious (see Matter of LL 410 E. 78th St. LLC v Division of Hous. & Community Renewal, 213 AD3d 558 [1st Dept 2023]). This Court recently held that DHCR's denial of an application to amend a rent registration to indicate that an apartment was deregulated had a rational basis in light of, among other things, DHCR's reasoning that "the unverified inclusion of amendments in its rent registration database had the effect of corrupting the purpose of that database as a contemporaneously created history of rents" (id. [internal quotation marks and brackets omitted]). That holding applies to this proceeding.
We have considered petitioners' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 18, 2023